UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 28, 2016

Dennis Mark Moats
3353 Chestnut Ave.
Baltimore, Maryland 21211

Stacey W. Harris, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

RE:   *Dennis Mark Moats v. Commissioner, Social Security Administration*;
      Civil No. SAG-16-638

Dear Mr. Moats and Counsel:

On March 8, 2016, Plaintiff Dennis Mark Moats, who appears *pro se,* petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered both parties' submissions. [ECF Nos. 2, 15, 16, 25]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. Moats filed his claims for benefits on June 26, 2012, alleging a disability onset date of May 31, 2010. (Tr. 189-99). His claims were denied initially and on reconsideration. (Tr. 141-45, 152-53). A hearing was held on September 19, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 41-65). Following the hearing, on December 5, 2014, the ALJ determined that Mr. Moats was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 24-40). The Appeals Council denied Mr. Moats's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Moats suffered from the severe impairments of rheumatoid arthritis, depression, and anxiety. (Tr. 29). Despite those impairments, the ALJ found that Mr. Moats retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that requires only simple, repetitive tasks with a training duration of up to one month; occasional interaction with the public, co-workers, and supervisors; and a low stress environment defined as occasional changes to the work setting.

(Tr. 31). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Moats could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 35-36).

I have considered Mr. Moats's case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. Because the ALJ's evaluation of Mr. Moats's "moderate limitation" in concentration, persistence, or pace was inadequate under *Mascio*, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Moats was not entitled to benefits was correct or incorrect.

As background, on March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. The Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case. Specifically, the Fourth Circuit found that the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[1] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

This case is partially distinguishable from *Mascio*. The entirety of the step three analysis states:

---

[1] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant reported that he finished what he started and that he was "ok" at following written instructions. He stated that he sometimes forgot spoken instructions (Exhibit 3E). The medical evidence of record documents some findings of impaired concentration and disorganized thoughts, but these findings are not consistent throughout the record (Exhibits 6F and 8F). The claimant reported activities of daily living that require some concentration including driving and caring for his elderly aunt and his mother with Alzheimer's (Exhibits 3E, 8F, and testimony).

(Tr. 30-31). That analysis does not permit this Court to understand the precise parameters of the difficulties the ALJ believed Mr. Moats to have. According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

*See also* 20 C.F.R. § 416.920a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4); *see also* 20 C.F.R. § 416.920a(e)(4).

As noted above, the ALJ imposed a RFC restriction that Mr. Moats can perform jobs requiring "only simple, repetitive tasks with a training duration of up to one month; occasional interaction with the public, co-workers, and supervisors; and a low stress environment defined as occasional changes to the work setting." (Tr. 31). There is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses Mr. Moats's ability to sustain work throughout an eight-hour workday. In fact, I am unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace. It appears that the ALJ may discredit Mr. Moats's reports of difficulty with concentration, but does not expressly discuss his

ability to sustain simple tasks throughout a workday.[2] Accordingly, I must remand the case to the Commissioner for further explanation and analysis, consistent with the Fourth Circuit's mandate in *Mascio*.

I note that Mr. Moats submitted a series of medical records with his court filings, including a 2016 opinion from a treating physician supporting his application for disability. [ECF Nos. 2, 16]. Most of those records post-date the ALJ's decision in this case. Those records could not be properly considered on this appeal since they were not presented to the ALJ (or written) prior to his opinion of December 5, 2014. However, now that the case is being remanded for further consideration by the Commissioner, Mr. Moats should submit those updated records to the Social Security Administration to be included in his file.

For the reasons set forth herein, Defendant's Motion for Summary Judgment [ECF No. 25] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                              Sincerely yours,

                                              /s/

                                              Stephanie A. Gallagher
                                              United States Magistrate Judge

---

[2] To the extent that the "training duration" restriction in the RFC is intended to address concentration, persistence, or pace to some degree, it likely needs to be modified. As read, it would preclude training for a period exceeding one month, but would permit a one-day (or partial day) training. Presumably, the intent was to require an extended training period to ensure that Mr. Moats understands the instructions to perform the job. It may be that the confusion resulted from an inaudible portion of the hypothetical posed to the VE, (Tr. 62), which can be addressed on remand.